IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RICHARD BOWER                                                    PETITIONER
ADC #144498

V.                                    5:11CV00063 DPM-JTR

RAY HOBBS, Director,                                            RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201-3325

## I.  Background

On March 14, 2011, Petitioner, Richard Bower, initiated this 28 U.S.C. § 2254 habeas action.  (Docket entry #2.)  Respondent has filed a Motion to Dismiss and Brief in Support (Docket entries #6, #7), to which Petitioner has filed a Response (Docket entry #8).  Thus, the issues are joined and ready for disposition.

Before addressing the merits of Petitioner's habeas claims, the Court will briefly review the relevant procedural history of this case in state court.

In April 2009, a jury in Baxter County, Arkansas, convicted Petitioner of aggravated robbery and kidnapping.[1]  Petitioner represented himself at trial, with standby counsel.  He was sentenced to an aggregate term of life imprisonment. (Resp't Ex. 1 [Docket entry #7-1]).

On direct appeal, Petitioner raised nine points for reversal:

> (1)    He was denied his right to prepare a defense because he was not afforded sufficient time and materials to prepare for trial;

> (2)    The trial court set an excessive amount for pretrial bail in violation of the Eighth Amendment;

> (3)    He was not afforded effective assistance of standby counsel in violation of the Sixth Amendment;

> (4)    He was denied a fair and impartial jury, and the trial court erred in advising the jury to apply the law as instructed without explaining jury nullification;

> (5)    The trial court erred in allowing the prosecution to thwart his attempts to explain his justification defense to the jury, which denied him a fair

---

[1]According to the trial evidence, Petitioner entered a branch bank in Gassville, Arkansas, and informed the manager that he was there to rob the bank.  He opened his jacket to display the handle of what appeared to be a pistol.  He then bound the manager and three tellers with "zip-ties," had them kneel down, and threatened to harm them if the police were contacted.  A police officer, alerted by a silent alarm, entered the bank. Fearing gunfire, the employees fled to a storage closet.  The officer arrested Petitioner without further incident. *Bower v. State*, 2010 Ark. 456, 2010 WL 4680196, at *1 (unpublished).

trial and due process;

     (6)    His actions were not sufficient to constitute kidnapping;

     (7)    The prosecutor's references to Petitioner as a thief denied him his right to an impartial jury, a fair trial, and due process;

     (8)    The trial court unlawfully instructed the jury on the sentencing range for a Class Y felony without explaining that the jury was free to reach its own conclusion on an appropriate sentence; and

     (9)    The state sentencing guidelines are unconstitutional and violate the separation of powers doctrine found in the United States Constitution.

(Docket entry #8, at 16-61.)  The Arkansas Supreme Court rejected these arguments and affirmed Petitioner's convictions.  *Bower v. State*, 2010 Ark. 456, 2010 WL 4680196 (unpublished) (Resp't Ex. 2 [Docket entry #7-2]).  Petitioner filed a "Reconsideration Brief,"[2] which the Arkansas Supreme Court denied.  (Resp't Ex. 3 [Docket entry #7-4].)  Petitioner did not pursue any further post-conviction relief in state court.

In this § 2254 habeas action, Petitioner reasserts the same nine arguments he raised in his direct appeal to the Arkansas Supreme Court.  In support of these arguments, Petitioner submits copies of his Appeal Brief and "Reconsideration Brief"

---

[2]The Arkansas Supreme Court construed this as a Petition for Rehearing.  *See* Ark. Sup. Ct. R. 2-3.

filed with the Arkansas Supreme Court.[3]   (Docket entry #8, at 4-61.)

In Respondent's Motion to Dismiss, he concedes that Petitioner has exhausted all available state remedies, but argues that: (1) all nine of Petitioner's claims are procedurally defaulted due to his failure to properly present them in state court;[4] and (2) on the merits, the Arkansas Supreme Court properly adjudicated Claim 1 and its decision is entitled to deference under 28 U.S.C. § 2254(d).[5]

---

[3]The Appeal Brief includes an abstract of some of the trial court proceedings (*id.* at 23-31) and an addendum of some trial court documents (*id.* at 49-61).

[4]Before seeking federal habeas review, a state prisoner must first "exhaus[t] the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).  When a habeas petitioner fails to raise his federal claims in the state courts in compliance with the relevant state procedural rules, he "deprives the State of 'an opportunity to address those claims in the first instance' and frustrates the State's ability to honor his constitutional rights."  *Cone v. Bell*, 129 S. Ct. 1769, 1780 (2009).  Therefore, when a habeas petitioner defaults his federal claims in state court pursuant to "an independent and adequate state procedural rule," federal habeas review is barred unless the petitioner can demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or demonstrate that failure to consider his claims will result in a fundamental miscarriage of justice.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  To qualify as an "adequate" procedural ground, a state rule must be "firmly established and regularly followed."  *Walker v. Martin*, 131 S. Ct. 1120, 1127 (2011).

[5]Where a state court has previously adjudicated a claim on the merits, a federal habeas court may grant habeas relief for the same claim in only three limited situations: where the state court adjudication (1) was "contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) "involved an unreasonable application" of clearly established federal law, *id.*; or (3) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).  Section 2254(d) imposes a "difficult to meet" and "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt."  *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).  The habeas petitioner carries the burden of proof.  *Id.*

For the reasons discussed below, the Court concludes that Petitioner has procedurally defaulted Claims 2 and 4 through 9 and that habeas Claims 1 and 3 fail on the merits. Accordingly, all of Petitioner's habeas claims should be dismissed.

## II. Analysis

### A.   Claim 1: Denial of Right to Prepare Defense.

According to Petitioner, he was denied the right to prepare a defense because he was given only "four hours in five months" to prepare for trial. This claim was raised in his Appeal Brief (Docket entry #8, at 35-36), and the Arkansas Supreme Court rejected it on the merits:

> [Appellant] contends that although the trial court offered him continuances to prepare, the time was of no help to him because there was no adequate law library available, and he was not permitted enough time to use computer research tools.
>
> The argument does not demonstrate that there was reversible error at trial. Appellant was permitted stand-by counsel and was afforded access to research materials. By his own admission, he declined to accept the court's offer of additional time to prepare. Under these circumstances, he has not shown that he was denied the right to prepare for trial by any act of the trial court.

*Bower*, *supra* at *1.

Under 28 U.S.C. § 2254(d), the Court must decide if this adjudication was contrary to or an unreasonable application of clearly established federal law, or

whether it was based on an unreasonable determination of the facts light of the state court record. In evaluating a state court decision under § 2254(d), any factual findings made by the state court must be presumed to be correct unless rebutted by clear and convincing evidence. *Id.* § 2254(e)(1).

Petitioner has not rebutted the Arkansas Supreme Court's findings that: (1) appointed standby counsel was available to assist him; (2) he was afforded access to research materials; and (3) he declined the trial court's offer of additional time to prepare. The abstract of the trial proceedings shows that Petitioner was provided access to: books that he requested; and a computer and online legal research. In addition, the trial judge told him he would be given a continuance and more time to prepare if he needed it. (Docket entry #8, at 23-27.)

The record also contains copies of correspondence from Petitioner's standby counsel showing that he met with Petitioner four months before trial; advised Petitioner verbally and in writing on at least two occasions that he was available to preserve any trial record and answer questions regarding court procedure; provided Petitioner with copies of the Arkansas criminal code and court rules; advised him what case law materials were available; and advised him how to request legal research materials through the Baxter County Sheriff's Department. (*Id.* at 50-51, 54.) About one month before trial, standby counsel notified the trial court that Petitioner alleged

he was not being provided computer access to legal research as ordered by the court. (*Id.* at 55.)  In his state appellate briefs, Petitioner admitted he eventually was allowed the use of an online law library, and that he was offered a continuance by the trial court three times, but declined.  (*Id.* at 6, 25, 35-36.)

Based on this record, the Arkansas Supreme Court's rejection of Petitioner's claim did not involve an unreasonable determination of the facts, nor was it contrary to or an unreasonable application of any clearly established federal law.  *See Bounds v. Smith*, 430 U.S. 817, 828 (1977) (fundamental constitutional right of access to the courts requires that prisoners be provided adequate law libraries or assistance from persons trained in the law); *United States v. West*, 557 F.2d 151, 152-53 (8th Cir. 1977) (rejecting prisoner's claim that he was denied adequate means to prepare his defense where standby counsel was appointed, met with prisoner, provided prisoner with requested case law, and made himself available to obtain other legal research).

Accordingly, on the merits, Claim 1 should be dismissed under 28 U.S.C. § 2254(d).

**B.** **Claim 2: Excessive Bail.**

Petitioner argues that his Eighth Amendment right to be free from excessive bail was violated when his bail was set at $1,000,000.  Although he included this claim in his Appeal Brief (Docket entry #8, at 36-37), the Arkansas Supreme Court

found that he was barred from raising it on direct appeal:

> The proper means to challenge a bail decision is by a writ of certiorari, and a party who does not seek a timely writ of certiorari from a bail decision abandons the issue. *Irvin v. State*, 345 Ark. 541, 49 S.W.3d 635 (2001). Appellant chose to wait to raise the issue on appeal after he was convicted. In doing so, he abandoned the issue. *Id.*

*Bower*, *supra* at *2.

Petitioner does not dispute that he failed to comply with the procedural requirements for challenging the trial court's pretrial bail decision. *See Henley v. Taylor*, 918 S.W.2d 713, 713 (Ark. 1996) ("Certiorari is the proper remedy to review a circuit court's determination of the availability of bail."). Other than asserting that he was not allowed an adequate opportunity to prepare for trial,[6] Petitioner gives no reason for waiting until his direct appeal to challenge the bail decision. Furthermore, his pro se status and any unfamiliarity with the law or procedural matters do not constitute cause sufficient to overcome a procedural default. *See Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988).[7]

---

[6]Petitioner asks, "How can one preserve anything if one is not allowed to prepare a defense?" (Docket entry #8, at 1.)

[7]Cause requires a showing of some objective factor, external to the petitioner's defense and not fairly attributable to him, impeding him from constructing or raising his claims in state court or complying with the state's procedural rules. *Coleman*, 501 U.S. at 753. If no cause has been shown, the prejudice element need not be addressed. *McCleskey v. Zant*, 499 U.S. 467, 502 (1991). Petitioner does not allege actual innocence as is necessary to invoke the "fundamental miscarriage of justice" exception to the cause-prejudice requirement. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986) (where

Accordingly, Claim 2 should be dismissed as procedurally barred.

## C.   Claim 3: Ineffective Assistance of Standby Counsel.

Petitioner alleges that he received ineffective assistance from his standby counsel in violation of the Sixth Amendment. He raised this claim in his Appeal Brief (Docket entry #8, at 37-38), and the Arkansas Supreme Court rejected it on the merits:

> While he concedes that both this court and the United States Supreme Court have held that a defendant who chooses to proceed pro se may not later be heard to claim that he was denied effective assistance of counsel, he argues that that interpretation of the law is unconstitutional. Appellant offers no authority for the proposition that this court can ignore or overrule Supreme Court precedent, and this court will not accept an argument without legal authority to support it. *Barker v. State*, 2010 Ark. 354, ---S.W.3d ----; *Polivka v. State*, 2010 Ark. 152, --- S.W.3d ----.

> Appellant bases his claim that he was denied effective counsel on the same grounds that he raised in his first point on appeal; that is, that he was not afforded sufficient time and materials to prepare for trial. Appellant was in custody for more than five months before trial and was allowed in that time access to legal materials. He declined continuances, including one offered the day before trial, and he has not shown that he was deprived of any legal right. It is clear from the record that any lack of time to prepare was of appellant's making.

*Bower*, *supra* at *2.[8]

---

constitutional violation "has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default").

[8]Under well-established Arkansas law, a defendant may only attack his conviction, based on ineffective assistance of counsel, by filing a petition for post-conviction relief pursuant to Ark. R. Crim. P. 37. *See Carrier v. State*, 647 S.W.2d 449, 450 (Ark. 1983) ("The proper remedy to challenge the adequacy of an attorney's representation is a [Rule

The Arkansas Supreme Court's adjudication of this claim was not contrary to or an unreasonable application of clearly established federal law.  The United States Supreme Court has not recognized a constitutional right to the assistance of standby counsel, much less a constitutional right to *effective* assistance of standby counsel. *See McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984); *United States v. Keiser*, 578 F.3d 897, 903-04 (8th Cir. 2009); *United States v. Foster*, 230 F.3d 1364, *1 (8th Cir. 2000) (unpub. table op.) ("because he had no constitutional right to standby counsel[,] ... he also cannot claim ineffective assistance of standby counsel").  In addition, it is "well established" that a defendant who exercises his right to proceed pro se cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel.  *United States v. Brockman*, 183 F.3d 891, 898 n.7 (8th Cir. 1999) (citing *McKaskle*, 465 U.S. at 177 n.8).

Finally, as the Court noted in addressing Claim 1, Petitioner has not rebutted the Arkansas Supreme Court's presumptively correct factual findings that he was afforded access to standby counsel and legal materials while in pretrial custody and that he repeatedly declined continuances offered by the trial court.  Thus, the Arkansas Supreme Court's adjudication of Claim 3 was not based on an unreasonable

---

37] petition for post-conviction relief," rather than in a direct appeal).  It is unclear why the Arkansas Supreme Court elected to dispose of this argument on the merits, rather than requiring Petitioner to file a Rule 37 post-conviction petition.

determination of the facts, nor was it contrary to or an unreasonable application of clearly established federal law.

Accordingly, on the merits, Claim 3 should be dismissed under 28 U.S.C. § 2254(d).

### D.   Claim 4: Denial of Fair and Impartial Jury. <br> Claim 8: Unlawful Jury Instructions.

In Claim 4, Petitioner argues that he was denied the right to a fair and impartial trial because: (a) the jury was not informed of its so-called right of "jury nullification"; (b) the judge and the prosecutor intimidated and lied to the jurors by telling them they had to apply the law as given by the judge; and (c) the judge failed in his duty to inform the jury about the law.  In Claim 8, Petitioner makes the related argument that the jury instructions were unlawful, and that the judge lied to the jurors by telling them they had to sentence in accordance with the sentencing range, when they had the power of "nullification of the law."

Petitioner presented both of these arguments in his Appeal Brief (docket entry #8, at 38-40, 45-46), and the Arkansas Supreme Court rejected them:

> [Appellant] argues that the court erred in advising the jury that it must apply the law as instructed by the court.  He contends that "jury nullification" should have been explained to the jury so that it would know that it could find him not guilty regardless of the evidence or the instructions given by the court.
>
> During voir dire of the jury, appellant informed the panel that the

United States Constitution could override state and federal law.  In his opening statement, he further declared to the jury that juries had the power to "nullify" the law by finding a defendant innocent who was "technically guilty."  When the prosecution objected to that and similar statements, the court informed the jury that the court would advise it on the law in due course.  The court declined to allow appellant to submit a federal court case for the jury to review that illustrated the concept of jury nullification, but when appellant testified at trial, he was permitted by the court to explain to the jury at length why he was justified in robbing the bank.  He was permitted in closing argument to reiterate his claim that he was justified in his actions, and he told the jury, "But you are the judge, you have the right to either honor what he [the court] tells you or to ignore what he tells you."  When the jury instructions were given, the record does not reflect that appellant proffered an instruction on jury nullification or that he objected to the instructions.  In short, appellant was allowed to make whatever argument he desired to the jury. If there was some specific jury instruction that he desired to be given, the burden was on him to proffer it.  *Davis v. State*, 2009 Ark. 478, --- S.W.3d ----; *Robertson v. State*, 2009 Ark. 430, ---S.W.3d ----.

Furthermore, defendants under our laws are not entitled to a jury-nullification instruction.  *Jones v. City of Little Rock*, 314 Ark. 383, 862 S.W.2d 273 (1993). [Ark. Code Ann.] § 16-89-107(a)(3) (Repl. 2006) provides that all questions of law arising during trial shall be decided by the court and that the jury shall be bound to take the decisions of the court on points of law.
....

In his penultimate assertion of error, appellant again raises jury nullification in claiming that the court wrongly instructed the jury on the sentencing range for a Class Y felony in that the court did not explain that the jury was free to reach its own conclusion on an appropriate sentence.  Inasmuch as appellant did not raise the issue at trial or proffer a jury instruction on the matter, the issue was not preserved for appeal.

*Bower*, *supra* at *2-*3 (footnote omitted).

As a threshold matter, to preserve an objection to a jury instruction, it must be

made before or at the time the instruction is given: "It is well settled that no party may assign as error the giving or failure to give an instruction unless he objects thereto before or at the time the instruction is given, stating distinctly the matter to which he objects and the grounds of his objection." *Bridges v. State*, 938 S.W.2d 561, 565 (Ark. 1997). By failing to proffer a jury instruction or object to the instructions given, Petitioner did not preserve these claims for review by the Arkansas Supreme Court, resulting in a procedural default. Because Petitioner has not established cause for his default, he is now barred from raising that issue in a habeas action.

Furthermore, in addition to his procedural default, the Arkansas Supreme Court determined, as a matter of law, that Petitioner was not entitled to a jury-nullification instruction. Federal courts have "uniformly recognized the right and duty of the judge to instruct the jury on the law and the jury's obligation to apply the law to the facts, and that nullification instructions should not be allowed." *United States v. Drefke*, 707 F.2d 978, 982 (8th Cir. 1983).[9] Thus, the Arkansas Supreme Court's disposition

---

[9]In his direct appeal, Petitioner cited *United States v. Dougherty*, 473 F.2d 1113 (D.C. Cir.1972), and *United States v. Moylan*, 417 F.2d 1002 (4th Cir. 1969), for the proposition that the trial court did not have the authority to dictate the law to the jury. (Docket entry #8, at 39-40.) The Arkansas Supreme Court held that neither case supported Petitioner's argument: "While the courts in those cases acknowledged that a jury may reach a decision that is contrary to law, both held that the defendant was not entitled to an instruction advising the jury that it may disregard the law." *Bower*, *supra* at *3 n.1. Furthermore, those cases do not constitute "clearly established Federal law, as determined by the Supreme Court of the United States" under § 2254(d)(1). Thus, any failure by the Arkansas Supreme Court to apply the holdings in those cases cannot

of Claims 4 and 8 is not contrary to or an unreasonable application of established federal law.

Accordingly, Claims 4 and 8 should be dismissed as procedurally barred, and on the merits under 28 U.S.C. § 2254(d).

### E.   Claim 5: Justification Defense.

Petitioner argues that he was not allowed to explain to the jury the reasons he was "justified" in robbing the bank.[10]  This argument was presented in his Appeal Brief (Docket entry #8, at 40-43), and the Arkansas Supreme Court addressed it as follows:

> Appellant contends that the trial court erred in allowing the prosecution to thwart his attempts to explain to the jury the reason that he was justified in robbing the bank.  He maintains that he believed himself to have a valid justification for reclaiming money that had been taken from him by means of illegal taxation and that he was denied due process of law in not being allowed to fully explain his position.  While the court did advise appellant in the course of the trial to confine himself to the presentation of relevant evidence, appellant does not point to a specific instance when the court erred in granting any particular motion by the prosecution or otherwise acted to deny him due process of law. Under these circumstances, we cannot say that appellant preserved the issue, as it is addressed in his brief, for appeal.  This court will not address an issue not specifically raised below.  *Talley v. State*, 2010 Ark.

---

support habeas relief.  *See Renico v. Lett*, 130 S. Ct. 1855, 1866 (2010).

[10]As explained in discussing Claims 4 and 8, the trial court <u>did</u> permit Petitioner to explain to the jury why he believed he was justified in robbing the bank, and, in closing argument, he was allowed to reiterate his claim that his actions were justified.  *Bower*, *supra* at *2.

357, --- S.W.3d ----.

*Bower*, *supra* at *3. "Few tenets are more firmly established than the rule requiring a contemporaneous objection in order to preserve a point for review on appeal." *Miller v. State*, 827 S.W.2d 149, 150 (Ark. 1992).

Petitioner also argues that, on the merits, the state court "refused to address the issue of justification which was and is [his] defense." (Docket entry #8, at 2.) The Arkansas Supreme Court made it clear that Petitioner had failed to raise this issue with the trial court and obtain a ruling sufficient to preserve it for appellate review. Thus, the Arkansas Supreme Court was barred from reaching the merits of Petitioner's arguments regarding the validity of his justification defense.

Federal habeas courts "should not consider whether the state court *properly* applied its default rule to [a] claim; federal courts do not sit to correct a state court's application of its ordinarily adequate procedural rules." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004). Rather, federal habeas courts "simply determine whether those procedural rules were applied to bar" a particular claim. *Id.* at 751. If so, the only question left for the federal court is whether the petitioner can show any reason to lift the procedural bar, *i.e.*, cause-and-prejudice, or actual innocence. *Id.* 751-52; *see also Collier v. Norris*, 485 F.3d 415, 426-27 & n.9 (8th Cir. 2007) (even if petitioner fairly presented his claim to state supreme court, federal habeas review

was precluded where state court disposed of the claim on an independent and adequate state procedural bar and petitioner did not show cause and prejudice or actual innocence). Here, the Arkansas Supreme Court clearly held that Petitioner had failed to present this claim in a procedurally correct manner.

Petitioner also asserts that, pursuant to Ark. R. Sup. Ct. 4-3(i),[11] the Arkansas Supreme Court had an obligation to review "all trial issues." According to Petitioner, it did not fulfill this obligation. However, Rule 4-3(i) "presupposes that a proper objection was made at trial." *Bragg v. State*, 946 S.W.2d 654, 663 (Ark. 1997). In his Petition for Rehearing, Petitioner specifically argued that the Arkansas Supreme Court "had failed to address the issue of justification ... in violation of Rule 4-3(i)." (Docket entry #8, at 14-15.) This Court will not second-guess the Arkansas Supreme Court's denial of that petition on a matter involving application of its own rules. *See Welch v. Lund*, 616 F.3d 756, 759 (8th Cir. 2010) ("It is the prerogative of the state courts ... to define and apply their procedural rules.").

The arguments raised by Petitioner in Claim 5 are procedurally defaulted, and he has failed to demonstrate cause for his default. Thus, federal habeas review of that claim is barred, and it should be dismissed.

---

[11]Rule 4-3(i) provides that, in cases where the sentence is death or life imprisonment, the court must review "all errors prejudicial to the appellant." *See also* Ark. Code Ann. § 16-91-113(a).

**F.      Claim 6: Actions Not Sufficient to Constitute Kidnapping.**

Petitioner asserts that his actions did not constitute kidnapping because he merely "moved four people from one place in a room to another [and] ... did not take them to a different location." Petitioner presented this claim in his Appeal Brief (Docket entry #8, at 43-45), and the Arkansas Supreme Court held that it was not preserved for appellate review:

> Appellant made reference in a pretrial hearing to having filed a motion entitled "kidnapping." The court did not have the motion before it, but appellant explained it as a challenge to the kidnapping charge on the ground that the facts did not support the charge. The court correctly declined at that time to address the matter, advising appellant that appellant could move to dismiss the charge if the State failed to sustain its burden at trial of establishing the elements of the offense. *State v. Jamison*, 277 Ark. 349, 641 S.W.2d 719 (1982); *see Nance v. State*, 323 Ark. 583, 918 S.W.2d 114 (1996). Despite the trial court's suggestion, appellant did not move for a directed verdict on the kidnapping charge, and the issue of the sufficiency of the evidence to support the charge cannot be raised for the first time on appeal. To preserve a sufficiency-of-the-evidence challenge on appeal, a timely, clear, and specific motion for directed verdict must be made in the trial court. *Williamson v. State*, 2009 Ark. 568, --- S.W.3d ----.

*Bower*, *supra* at *1.

In order to preserve a claim of insufficient evidence to support a conviction, a defendant must make a specific motion for directed verdict in the trial court at the close of the state's case and again at the close of all the evidence in the trial. *Middleton v. State*, 842 S.W.2d 434, 435 (Ark. 1992); Ark. R. Crim. P. 33.1.

Petitioner did not comply with this requirement, despite the trial court's suggestion that he do so.  Because he has failed to demonstrate cause for his default, the Court is precluded from considering that claim in this habeas action.

Accordingly, Claim 6 should be dismissed as procedurally barred.

### G.     **Claim 7: Prosecutor's Comments.**

Petitioner contends that his right to be considered innocent until proven guilty was violated when the prosecutor called him a thief in closing argument, before the jury had determined if a crime had been committed.  In his Appeal Brief, Petitioner argued that the prosecutor's comment prejudiced the jury and denied him the right to an impartial jury, a fair trial, and due process.  (Docket entry #8, at 45.)  However, the Arkansas Supreme Court held that it could not reach the merits of that claim because Petitioner had failed to make a contemporaneous objection at trial.  *Bower*, *supra* at *3.

Arkansas's well-settled contemporaneous-objection rule requires an objection at the trial level in order to preserve an argument for appeal, even with respect to the denial of constitutional rights.  *Bader v. State*, 40 S.W.3d 738, 743-44 (Ark. 2001).  Petitioner did not comply with this requirement regarding the prosecutor's comment, and he has not offered a sufficient reason to demonstrate cause for the procedural default.  Thus, the Court is precluded from considering that claim in this habeas

action.

Accordingly, Claim 7 should be dismissed as procedurally barred.

### H.  Claim 9: Unconstitutional State Sentencing Guidelines.

Finally, Petitioner contends that the state sentencing guidelines are unconstitutional because they are the same as the United States Sentencing Guidelines, which have now been declared unconstitutional.  He raised the claim in his Appeal Brief (Docket entry #8, at 46), but the Arkansas Supreme Court held that it was not raised below and thus was not preserved for its review.  *Bower*, *supra* at *3.  The court further held that, because Petitioner was sentenced in accordance with the jury's recommendation, the sentencing guidelines did not apply under Arkansas law, citing Ark. Code Ann. § 16-90-803(b)(4).  *Id.*

By failing to first raise this issue in the trial court, Petitioner procedurally defaulted his right to appeal the issue to the Arkansas Supreme Court.  Furthermore, he has not shown sufficient cause to overcome his default.

Finally, the Arkansas Supreme Court also determined, on the merits, that the state sentencing guidelines were inapplicable to Petitioner *under state law*.  That holding is not contrary to or an unreasonable application of any *federal law*.  It is "not the province of a federal habeas court to reexamine state-court determinations of state-law questions."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see Ford v. Norris*, 364

F.3d 916, 919 (8th Cir. 2004) ("The Arkansas Supreme Court is the final authority on the interpretation of Arkansas law.  As the supreme judicial authority of the state, it decides what state law is, an issue which cannot itself be reviewed in a federal habeas proceeding.").

Accordingly, Claim 9 should be dismissed, as procedurally barred and, on the merits, under 28 U.S.C. § 2254(d).

### III. Conclusion

For the foregoing reasons, all of Petitioner's habeas claims should be dismissed on the grounds they are either procedurally barred or without merit.  Accordingly, Respondent's Motion to Dismiss (Docket entry #6) should be **granted**, and this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Docket entry #2) should be **dismissed in its entirety, with prejudice**.

Finally, a certificate of appealability should be denied, as Petitioner has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

DATED THIS 27th DAY OF October, 2011.


_____
UNITED STATES MAGISTRATE JUDGE